IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILTON IRVON LOMBARD, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:22-cv-00784-O-BP |
| | § | |
| | § | |
| NORTH RICHLAND HILLS POLICE | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10) filed on November 10, 2022, by Plaintiff Wilton Irvon Lombard, Jr., ("Lombard"). This case was referred to the undersigned pursuant to Special Order No. 3 the same day. Denial of a motion for leave to proceed *in forma pauperis* (IFP) is a dispositive order to which the undersigned may issue a recommendation to United States District Judge Reed O'Connor pursuant to the Court's Miscellaneous Order No. 6.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Lombard's Second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10) and **DISMISS** the case without prejudice unless Lombard pays the $402.00 filing fee on or before December 29, 2022, or such other date Judge O'Connor orders.

**I.   BACKGROUND**

Lombard initially filed his Complaint on September 22, 2022, seeking relief for alleged civil rights violations. ECF No. 1. Together with the Complaint, Lombard filed a Motion for Leave

to Proceed *In Forma Pauperis* (ECF No. 2) in which he declared that he is unable to pay the costs of the proceedings. Pursuant to 28 U.S.C. § 1915, he requested that the Court not require him to prepay costs.

By Order entered on September 9, 2022, the Court found that Lombard had the financial ability to pay the filing and administrative fees in this case without "suffering undue hardship." ECF No. 5. Therefore, the Court ordered Lombard to pay the filing fee within fourteen days of the Court's Order, and informed Lombard that his failure to do so would result in the case being subject to dismissal without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at 2. To date, Lombard has failed to pay the required fees. Instead, he filed a Second Motion for Leave to proceed *In Forma Pauperis.* ECF No. 10.

## II.    LEGAL STANDARD

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915). Title 28 U.S.C. § 1915(a), the statute governing proceedings *in forma pauperis*, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "At the same time, a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so." *Id.* (citing *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982)). "To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows*, 842 F.2d at 140. Ultimately, the decision whether to grant a request to proceed

*in forma pauperis* is within the discretion of the court. *Williams*, 681 F.2d at 947 (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)); *Woodards v. Traurig*, No. 3:11-CV-2678-L-BH, 2011 WL 6934966, at *1 (N.D. Tex. Nov. 22, 2011), *rec. adopted,* No. 3:11-CV-2678-L-BH, 2011 WL 6934965 (N.D. Tex. Dec. 30, 2011).

### III.   ANALYSIS

In his amended financial affidavit, Lombard declares that he has an average monthly income consisting of employment, self-employment, disability, and gifts of $2,440 and monthly expenses of $4,145, but mathematically is $4,095. ECF No. 11, at 1-2, 5. He owns a home, 2021 model automobile, and other assets, totaling $56,000. *Id.* at 3. He lists no dependents. *Id.* The Court also notes that Lombard paid the filing fee in another case pending in this Court in which he is the plaintiff, *Lombard v. Schober*, No. 4:22-cv-00785-O-BP.

Lombard's financial affidavit and payment of the filing fee in the other case show that he "will not be barred from the federal courts due to [his] lack of financial resources." *Williams v. U.S. Postal Serv.*, No. 3:10-CV-435-WHB-LRA, 2010 WL 3828922, at *1 (S.D. Miss. Aug. 10, 2010), *rec. adopted,* No. 3:10-CV-435-WHB-LRA, 2010 WL 3827944 (S.D. Miss. Sept. 24, 2010). After consideration of Lombard's amended sworn affidavit and financial circumstances, the undersigned finds that Lombard has not demonstrated that he lacks the financial ability to pay the costs of the proceeding without suffering undue hardship. *See Webster v. Chertoff*, No. 3:06-CV-0438-M, 2006 WL 757875, at *1 (N.D. Tex. Mar. 20, 2006) (quoting *Prows*, 842 F.2d at 140).

### IV.   CONCLUSION

Because Lombard has the financial ability to pay the costs of the proceeding without suffering undue hardship, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Lombard's Second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10) and **DISMISS**

3

the case without prejudice unless Lombard pays to the Clerk of the Court the filing and administrative fees of $402.00 on or before December 29, 2022, or such other date that Judge O'Connor may order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 7, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE